NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL MUNOZ GONZALEZ, AKA "C", AKA Cisco, AKA Ralph Gonzalez-Munoz, AKA Homeboy, AKA Big Homie, <br><br> Applicant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. 20-71710 <br><br> MEMORANDUM* |

Application to File Second or Successive Petition
Under 28 U.S.C. § 2255

Argued and Submitted June 11, 2021
Pasadena, California

Before: CALLAHAN and FORREST, Circuit Judges, and SEEBORG,** District
Judge.

Applicant Rafael Muñoz Gonzalez (Muñoz) seeks leave to file a second or

successive motion for habeas relief under 28 U.S.C. § 2255. He argues that his

conviction for possession of a firearm in furtherance of a crime of violence or drug

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard Seeborg, Chief United States District Judge
for the Northern District of California, sitting by designation.

trafficking offense under 18 U.S.C. § 924(c) is invalid because his predicate crime—racketeering—is no longer a categorical "crime of violence" under a new rule of constitutional law announced in *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] We have jurisdiction under 28 U.S.C. § 2255, and we grant Muñoz's request for leave to file a second or successive § 2255 habeas motion.

In our concurrently filed opinion in *Cesar Muñoz Gonzalez v. United States*, __F.4th__ (9th Cir. 2022), we adopted a pragmatic approach for determining whether a new rule of constitutional law was "previously unavailable" within the meaning of § 2255(h)(2) that focuses on systemic barriers, including timing and accessible procedural means for presenting a claim. Applying this approach here, we conclude that an argument based on the new rule announced in *Davis* was not available to Muñoz while his first habeas motion was still pending. The district court rejected Muñoz's initial habeas motion four and a half months after the Supreme Court issued *Davis*. Well over the majority of that time, Muñoz's was held in the Special Housing Unit (SHU). While in the SHU, Muñoz's access to the law library

---

[1] The verdict form did not require the jury to specify which conviction—racketeering or Muñoz's two drug offenses—served as the predicate offense for his § 924(c) conviction. The government concedes that, despite the uncertainty about which offense was the predicate for his § 924(c) conviction, Muñoz can establish that *Davis* at least advances his claim. *See Henry v. Spearman*, 899 F.3d 703, 706 (9th Cir. 2018) (petitioner need only show "*possible* merit to warrant a fuller exploration by the district court") (citation omitted).

and legal documents was extremely limited; only one person is allowed in the SHU law library at a time and there are approximately 200 prisoners in the SHU. It takes up to three weeks for a prisoner to get access to the law library and visits are limited to two hours. And unlike in *Muñoz Gonzalez*, there is no indication that Muñoz knew about *Davis* during the short window of time before his initial habeas proceeding was denied. Given these restraints, the real-world circumstances that Muñoz faced rendered his *Davis* claim previously unavailable to him.

The request for leave to file a second or successive habeas motion is **GRANTED.**